JACOB RICE, Respondent, *v.* McAllister Lighterage Line, Inc., Appellant.

(Supreme Court, Appellate Term, First Department, February Term — filed March, 1921.)

Ships and shipping—negligence—charter-party—evidence—damages—trial.

> While defendant was in possession of plaintiff's scow without motive power under a charter-party which included the services of a so-called "captain" whose duty it was to take care of the scow, it was towed in calm weather to a dock and moored alongside of a steamship for unloading. On the night of the next day the dock was exposed to the full sweep of a northwest storm which developed into a hurricane and as a result the scow was injured. *Held,* that evidence that the weather bureau had issued storm warnings some hours before the full strength of the hurricane developed, justified an inference that defendant, which rested at the close of plaintiff's case, was negligent in permitting the scow to remain in the position where necessarily it would be exposed to the full force of the storm, and that plaintiff was entitled to recover for all damage to the scow caused by such negligence.
>
> Without deciding now, whether there was evidence tending to show that the captain was in fact negligent in any respect, an instruction repeated in effect several times that they could find for the defendant only if they believed that the accident

was caused by the negligence of the captain while in control of the defendant, was prejudicial error for which a judgment in favor of plaintiff will be reversed and a new trial ordered.

APPEAL by the defendant from a judgment of the City Court of the city of New York, entered in favor of the plaintiff and from an order denying defendant's motion for a new trial.

Burlingham, Veeder, Masten & Fearey (Charles E. Wythe and William P. Allen, of counsel), for appellant.

Macklin, Brown, Purdy & Van Wyck (William Van Wyck and James. M. Gorman, of counsel), for respondent.

LEHMAN, J.   In March, 1918, the defendant was in possession as charterer of a scow without motive power owned by the plaintiff.  The charter included the services of a so-called " captain," whose duty it was to take care of the scow.  On March 9, 1918, the scow was towed to a dock in Brooklyn and placed alongside of a steamship.  The cargo of the scow was unloaded into the steamship on March ninth and March tenth.  At the time when the scow was brought into position for unloading, the weather was very calm, but on March tenth a strong northwest wind sprang up, which during the night developed into a hurricane of somewhat extraordinary severity.  The weather bureau issued storm warnings some hours before the full strength of the hurricane developed. The dock alongside which the scow was moored was apparently exposed to the full sweep of a northwest storm, and as a result of the hurricane, in the night of March tenth the scow was injured.  The testimony produced by the plaintiff was not contradicted.  The defendant rested at the close of plaintiff's case.  In

our opinion, the plaintiff's testimony was sufficient to allow the inference that the defendant was negligent in permitting the scow to remain in a position where it would necessarily be exposed to the full force of a northwest gale, after there were weather indications and storm signals which might have given warning of the approach of such a storm. The demise of the scow gave to the defendant as charterer full control of its movements, and if in the exercise of such control the defendant was negligent, the plaintiff has clearly a right to recover all damages to the chartered scow caused by such negligence on the part of the defendant. Unfortunately, however, I do not think that the trial justice submitted this question to the jury in a proper charge, but on the contrary, charged the jury clearly that the real question in the case was whether the accident occurred " while the captain was in discharge of his duties under the control of the defendant, or whether it happened in the discharge of his duties while he was under the control of the plaintiff. If you find that this accident occurred while the captain was in the discharge of his duties under the control of the plaintiff, then your verdict will be for the defendant. However, if you find that this accident occurred while the captain was under the control of the defendant and in the discharge of his duties in the employ of the defendant, then you will come to the question of whether or not in the discharge of his duties the captain exercised that ordinary degree of care which an ordinarily prudent person should have exercised under like circumstances." The defendant duly excepted to this charge, and if it constitutes error, it seems to me that the error beyond question was prejudicial, for the trial justice repeated it in effect several times, and the jury could not under the charge possibly bring in a verdict in favor of the

defendant except upon the theory that the so-called " captain " was negligent in the performance of his duties, and that such negligence was imputable to the defendant.

As I have pointed out above, the demise of the scow included the services of a " captain " as caretaker. Since the charter constituted a demise, the full control and direction of the boat was vested in the defendant and since the defendant had a right to such control, it would be liable to third persons for any damages caused to the boat while in the defendant's care, even though the damage was actually caused by the captain whose services were furnished to the charterer as part of the charter. This rule seems sound in principle and is established by a number of decisions in the federal courts of this district. On the other hand, it seems to me equally clear, and almost as well established by authority, that where an owner charters a boat with a caretaker, the charterer cannot be held liable for any negligence or incompetence of the caretaker in the performance of the very duties for which he was furnished by the owner. In the present case, if the defendant was negligent in directing the captain to moor the scow in an exposed position, or in failing to remove it from such position after it should have been apparent to a man exercising reasonable care that the position was dangerous, it would be liable for the consequent injuries caused by its own negligence, and the same rule would hold true if it gave other negligent or improper directions to the captain, but the evidence in this case shows no specific directions to the captain to perform services not within his duty as caretaker, and if the captain was negligent at all it was necessarily in the performance of his duties as caretaker, for no other duties were assigned to him by the charterer, and for such negligence the charterer

would not be liable to the owner. I must not, however, be deemed to have decided that there is evidence to show that the captain was in fact negligent in any respect. I am merely holding that it was error on the part of the trial justice to instruct the jury that they could find for the defendant only if they believed that the accident was caused by the negligence of the captain while in the control of the defendant.

It follows that the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

MULLAN and BURR, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.